# UNITED STATES DISTRICT COURT
### for the District of Colorado

|  |  |  |
|---|---|---|
| In the Matter of the Search of: | ) | |
| 1230 S. Wheeling Way. Building H Apt 253, Aurora | ) | Case No.    20-sw-1400-KLM |
| Colorado 80012, more fully described in Attachment | ) | |
| A, attached hereto. | ) | |
|  | ) | |
|  | ) | |
|  | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property:

**SEE "ATTACHMENT A"**, which is attached to and incorporated in this Application and Affidavit

located in the _____ State and _____ District of _____ Colorado _____, there is now concealed *(identify the person or describe the property to be seized)*:

**SEE "ATTACHMENT B"**, which is attached to and incorporated in this Application and Affidavit

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☒ evidence of a crime;
- ☒ contraband, fruits of crime, or other items illegally possessed;
- ☒ property designed for use, intended for use, or used in committing a crime;
- ☒ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Possession of Firearm/Ammo by Previously convicted felon |

The application is based on these facts:

- X  Continued on the attached affidavit, which is incorporated by reference.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*s/Matthew Pound*
_____
*Applicant's signature*

Matthew Pound, Special Agent, ATF
_____
*Printed name and title*

Sworn to before me and: ☐ signed in my presence.
☒ submitted, attested to, and acknowledged by reliable electronic means.

Date: **19 Nov 2020**

_____
*Judge's signature*

Kristen L. Mix
United States Magistrate Judge
_____
*Printed name and title*

City and state: _____ Aurora, CO _____

**ATTACHMENT A**

**DESCRIPTION OF LOCATION TO BE SEARCHED**

**Subject Premises:** 1230 S. Wheeling Way. Building H Apt 253, Aurora Colorado 80012.  The entire premises, including the bedrooms, living areas, kitchen, bathrooms, and closets.  The property is described as an apartment contained within an apartment building.  The property is located on the east side of S. Wheeling Way and the apartment is located on the northwest portion of 1230 S. Wheeling Way.  The apartment building is light tan in color and has a shingled, pitched roof.  The numbers "H1230" are visible between the first and the second level of the building, midway between the first and second floor apartments on west side of the apartment building.   The target apartment, Building H, Apartment 253, is on the northwest corner of the building, facing the courtyard to the apartment complex.  The door to the target apartment is on the right-hand side of the staircase that leads from the first to the second floor and has a balcony immediately adjacent to it.  There is a bay window to the left of the stair case on the second floor with a porch light centered between the window and the door.  There is a fire extinguisher contained within a clear box immediately below the affixed porch light.  The door, which provides entry into the target apartment, is red in color with a white door frame.  The front door opens inward from right to left and is identified by the number "253" located on the upper part of the door.  The front door is on the right-hand side of an unenclosed, covered porch.



Target Apartment Building H Apartment 253 is located on second floor, door to right of the staircase



Position of Apartment within Building H indicated by marked pin on roof of building



Building H1230 S. Wheeling Way with markings H1230 facing S. Wheeling Way.  Target
Apartment is located on opposite side of the building facing courtyard

**ATTACHMENT B**

**DESCRIPTION OF ITEMS/PERSONS TO BE SEIZED AND SEARCHED**

Person and any and all evidence and instrumentalities of violations of 18 U.S.C. § 922(g)(1) (*possession of firearm/ ammunition by a previously convicted felon*):

1. There is now located the following described person, for whom a lawful arrest warrant is outstanding:
   a. Darnell HOLLIE
   b. 06/07/1988
   c. 6'1" 230 lbs
   d. HOLLIE is a black male approximately 6 foot 1 inches tall with black hair, brown eyes and visible tattoos as follows: face tattoo of a star with the number 3 contained within the star on HOLLIE's cheek under HOLLIE's right eye, tattoos above both eyebrows, tattoo of the letter "A" on HOLLIE's cheek under HOLLIE's left eye.



2. Any and all evidence/indicia of occupancy or ownership of 1230 S. Wheeling Way, Building H Apt. 253, Aurora Colorado 80012, including any and all indicia that Darnell HOLLIE resides at 1230 S. Wheeling Way, Building H Apt. 253, Aurora Colorado 80012;

3. Any and all firearms, firearms parts, firearms accessories, and ammunition – to include expended shell casings;

4. Books, records, receipts, notes, ledgers and other papers relating to the possession, transportation, ordering, purchase and/or distribution of firearms;

5.  Communication devices, including cellular telephones, associated removable media such as SIM cards and memory cards under the control of HOLLIE;

6.  Cellular telephones and other communications devices including Blackberries may be seized, and searched only for the following items:

      i.     Assigned number and identifying telephone serial number (ESN, MIN, IMSI, or IMEI);

      ii.    Stored list of recent received calls;

      iii.   Stored list of recent sent calls;

      iv.   Stored contact information;

      v.    Stored photographs of controlled substances, suspected criminal activity and/or co-conspirators; and

      vi.   Stored text messages.

Cellular telephones and other communications devices may not be searched without further judicial authorization, in the absence of any other legal basis justifying a search.  In addition, there is probable cause to believe that said devices are instrumentalities of the offense, and that they may be seized and searched on that basis.

7.  Any evidence of street gang membership or affiliation, including any reference to affiliation with any criminal street gang, or any other criminal enterprises, any drawings or writings, objects or graffiti depicting gang members' names, initials, logos, monikers or slogans, or containing any mention of street gang membership, affiliation, activity or identity, and any audio or video recordings depicting street gang membership affiliation, activity or identity;

8.  Any paintings, drawings, photographs or photograph albums depicting persons, vehicles, weapons or locations related to gang membership or affiliation, items of evidence related to the investigation, or any criminal activity; and

9.  Any criminal enterprise paraphernalia, including clothing, posters, signs, jewelry, CDs, DVDs, writings, printed material, or photographs that depict Crip Criminal Street Gang members displaying symbols, hand signs, colors or paraphernalia related to the criminal enterprises.

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

1. Your Affiant, Matthew Pound, is a full-time salaried law enforcement officer for the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so since May 25, 2014. I routinely investigate violations of federal criminal statutes, to include violations of federal firearms and narcotics laws. I have specifically investigated violations related to subjects who are found to be in possession of illegal and altered firearms. Prior to being a Special Agent with ATF, I was a full-time salaried law enforcement officer for the Albuquerque Police Department for approximately 9 years. While at the Albuquerque Police Department, I assisted in the apprehension and investigation of individuals involved in serious violent crime to include Homicide, Kidnapping, Aggravated Battery and Assaults, Narcotics Trafficking, Firearm Trafficking and Prohibited Persons in Possession of Firearms. Eight (8) of my nine (9) years with the Albuquerque Police Department were spent as an Officer in the Gang Suppression Unit and a Detective in the Gang Unit. During these years, the majority of the investigations focused specifically on gang crime and gang motivated crimes to include shootings, homicides, aggravated assaults and robberies. Since becoming a Special Agent with ATF and since being assigned to Denver, CO in 2014, I have assisted the Aurora Police Department Gang Unit in numerous investigations as well as spent numerous shifts working with the Aurora Police Gang Unit. While employed by the Albuquerque Police Department, I was assigned to the ATF as a Task Force Officer for approximately five (5) years. I have been involved in the investigation of more than 200 cases involving Federal Firearms and/or Narcotics violations. I have written and/or participated in the execution of over 100 federal and state search warrants involving violent crime, organized crime, illegal firearms possession, and the use and trafficking of narcotics and armed narcotics trafficking.

2. As an ATF Special Agent, your Affiant is familiar with federal criminal laws pertaining to firearms, explosives and narcotics violations. Your Affiant knows that it is a violation of Title 18 U.S.C. § 922(g)(1) for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition.

## PURPOSE OF SEARCH WARRANT

3. This Affidavit is submitted to support an application for a search warrant for the residence at 1230 S. Wheeling Way, Building H Apt 253, Aurora, Colorado 80012, as fully described in Attachment A.

4. Probable cause exists to believe this residence is being used to house, conceal, and facilitate the following violation: 18 U.S.C. § 922(g)(1) (*possession of firearm/ ammunition by a previously convicted felon*).

5. Information in this affidavit is based upon information your Affiant has gained through this investigation and observations, training and experience, and consultation with other investigators involved with this investigation.  Since this affidavit is being submitted to obtain a search warrant for the residence to search for evidence of firearms violations and to arrest Darnell HOLLIE, DOB: 06/07/1988, who is known to reside at the target residence, outlined in Attachment A, your Affiant has set forth only those facts your Affiant believes are necessary to establish probable cause to believe that evidence, fruits, and instrumentalities of violations of federal law, as well as a person to be arrested, as described in Attachment B, will be found in the property to be searched.

## **INVESTIGATION**

6. On November 11, 2020 Aurora Police Department (APD) Officer Ajan took a phone report from RP/Victim, who reported a DV-related harassment incident with the father of her child and suspect, Darnell HOLLIE. The victim reported that the incident took place during and after a child exchange on November 8, 2020 at HOLLIE's residence near E. Mississippi Ave and S Uvalda St in Aurora, Colorado, Arapahoe County.

7. The victim reported that on the morning of Sunday, November 8th, 2020, victim received a text message from HOLLIE, requesting that victim come to HOLLIE's apartment complex to pick up their daughter. The victim did not have a car, so victim asked victim's new boyfriend to give the victim a ride. They arrived at HOLLIE's apartment complex at approximately 1128 hours and the victim texted HOLLIE to advise HOLLIE to bring out their daughter. HOLLIE brought the child outside; HOLLIE then became visibly agitated that victim's new boyfriend was on scene. The child exchange occurred without an issue, but after they parted ways, HOLLIE texted the victim that if the victim ever brought another male to HOLLIE's apartment again, that HOLLIE would kill everyone including the victim. HOLLIE also sent the victim a text message which included a photo of a pistol sitting on HOLLIE's lap. The victim advised that she recognized the sweatpants beneath the pistol in the photo as the same ones that the victim observed HOLLIE wearing during the child exchange.



8. The victim also sent Officer Ajan screen shots of the November 8, 2020 text message exchange between the victim and HOLLIE and included HOLLIE's contact information, phone number 303-960-8993, from which the texts from HOLLIE came. Officer Ajan uploaded the screen shots into APD evidence. The victim advised that the victim was concerned due to HOLLIE's violent history and the fact that HOLLIE was a convicted felon and should not possess a firearm. Victim stated that Darnell is a gang member, associated with 83 Crips. Officer Ajan emailed the victim HOLLIE's Colorado driver's license photo and the victim positively identified HOLLIE as the subject who sent the text messages in question.

9. Officer Ajan then called HOLLIE at the phone number provided, 303-960-8993 and identified himself as an APD Officer.  Officer Ajan asked HOLLIE for a statement regarding the November 8, 2020 incident between HOLLIE and the victim.  HOLLIE advised that HOLLIE and the victim did argue verbally when the victim brought another

male to pick up the child, but HOLLIE denied sending text messages. HOLLIE advised that the only argument occurred in-person, outside HOLLIE's apartment. When Officer Ajan asked HOLLIE to provide HOLLIE's home address for the report, HOLLIE hung up on Officer Ajan. Officer Ajan notified the Arapahoe County Department of Human Services about the incident and the case was then forwarded to the Gang Intervention Unit for follow up.

10. On November 12, 2020, APD Gang Intervention Unit Detective Jason McDonald, was assigned this case. Detective McDonald conducted a criminal history query on HOLLIE and learned that HOLLIE was sentenced to 10 years' imprisonment on January 14, 2011 in Denver County District Court after pleading guilty to 1st Degree Assault with a Deadly Weapon (class 4 felony) in case number 2010CR3320.

11. Detective McDonald reviewed the text messages between the victim and HOLLIE and found that HOLLIE had threatened the victim and the victim's new boyfriend with bodily harm, including death, and that HOLLIE had sent a photo of a real-looking firearm sitting on HOLLIE's lap.  Detective McDonald reviewed the BWC footage of Officer Ajan's phone call with HOLLIE at 7:40 PM on November 11, 2020 and heard HOLLIE say, "She pulled up to get my daughter once, and she pulled up with whoever the random dude was in the car. I told her 'Don't pull up with no mother fucker to my house. Period. I don't give a fuck.' You don't pull up with no other man to my house, that's what I told her. She tried to introduce us. I said, 'you're out of line and you got me fucked up.' I gave her my daughter and I came inside." Detective McDonald noted that HOLLIE's words to Officer Ajan were identical to the words he texted to the victim, including "IDGAF" [I don't give a fuck].

12. On November 13, 2020, Detective McDonald called and spoke to the victim by phone. The victim advised that the incident took place outside HOLLIE's apartment building at 1230 S Wheeling Way, City of Aurora, Arapahoe County, State and District of Colorado. Detective McDonald asked the victim how the victim felt when the victim received the text messages from HOLLIE. The victim said, "Uncomfortable, threatened." The victim said the victim is also very concerned about the victim's daughter being around HOLLIE in the future since HOLLIE has a gun. When Detective McDonald confirmed with the victim that the sweatpants the victim observed in the photograph with the gun belonged to HOLLIE, the victim added that the brown carpet visible in the photo is also the same carpet the victim has seen in photos of the victim's daughter, which were recently sent to the victim from HOLLIE when HOLLIE had the child at HOLLIE's apartment. The victim sent Detective McDonald the photos of the child at HOLLIE's apartment and Detective McDonald observed the carpet to be visually the same as the carpet in the photo of the gun sent by HOLLIE. The victim also sent Detective McDonald additional text messages from HOLLIE that the victim received from HOLLIE at 7:49 PM on November 11, 2020, right after

HOLLIE hung up on Officer Ajan. HOLLIE wrote, "All u did was break the bond wit me and my kid for u lying I never want to see neither of one of y'all again." The victim later replied, "So threaten us with a gun? Oh yeah that make a whole lot of sense." The next morning the victim wrote to HOLLIE, "I sent them the text messages that you sent me. How is that lying to the police? Man you are delusional for real." HOLLIE replied, "If they charge me I'm going to trial and I'm going to drag it out u going to miss work and all type of shit u going to have to get on the stand and testify on me watch."

13. On November 17, 2020 Detective McDonald obtained an arrest warrant for HOLLIE for Harassment (DV-Related).  To date, HOLLIE has not been arrested for this arrest warrant.

14. Your Affiant also conducted a criminal history query on HOLLIE and found HOLLIE to be a previously convicted felon who is prohibited from possessing firearms and/or ammunition.  Your Affiant knows HOLLIE is a documented and self-admitted member of the Eight Trey (83) Crip Criminal Street Gang.  Your Affiant knows through training and experience that persons involved in criminal street gangs and persons who are active in criminal street gang activity carry and maintain firearms in their possession and residence in order to protect themselves from rival gang members and to use in ongoing criminal activity.

15. Your Affiant believes that the TARGET RESIDENCE is the residence of HOLLIE based on information learned through this investigation.  First, the victim is familiar with the residence of HOLLIE based on the fact that HOLLIE and the victim share a child together and the victim has been to, but not inside the apartment.  Second, on November 18, 2020, members of the Aurora Police Department Gang Intervention Unit spoke to management at the apartment complex and learned that Building H, Apartment 253 is rented by Twyla Hollie.  You Affiant knows through investigation that Twyla Hollie is the mother of Darnell HOLLIE.

16. Your Affiant knows through training and experience that individuals who are involved with criminal street gangs possess, preserve and retain firearms for long periods of time.  Usually this is because criminal history precludes many gang members from lawfully obtaining a firearm and, as described above, gang members and associates tend to be frequently armed in order to protect themselves and their fellow gang members, family members, and associates from rival gang members, thereby motivating them to keep a firearm once it is acquired.  Furthermore, as he indicated in the text messages accompanying the photograph of the firearm, HOLLIE indicated that he keeps his firearm on him. This statement is consistent with the knowledge of your Affiant regarding gang members keeping firearms and possessing them on their person or in their residence for easy access.

**ITEMS TO BE SEIZED**

17. Based upon the facts contained in this Affidavit, your Affiant submits there is probable cause to believe that the items listed in Attachment B will be found at the residence described in Attachment A.

18. Based on your Affiant's training, education, experience, and discussions with other experienced gang investigators, it is common for gang members to preserve weapons for use in furthering the activities of the gang, including homicides and other violent felonies. Gang members also possess weapons to protect themselves from rival gang members who venture into their neighborhood. Firearms are retained for use in future crimes, and they are, therefore, likely to be found at the residence described in Attachment A.

19. In addition to firearms and weapons, other firearm-related items, such as gun pieces, ammunition, gun cleaning items or kits, holsters, ammunition belts, original box packaging, targets, expended pieces of lead or shell casings, photographs of firearms, and paperwork showing the purchase, storage, disposition, or dominion and control over firearms, ammunition, and related items, are likely to be found at the residence described in Attachment A.

20. Based on your Affiant's training, education, experience, and discussions with other experienced gang investigators, evidence of gang membership or affiliation with street gangs are not the types of items normally disposed of after the commission of a crime and therefore will likely be found at the residence described in Attachment A. Evidence of street gang membership and affiliation include any drawings, miscellaneous writings, objects, or graffiti depicting gang members' names, initials, logos, monikers, slogans or containing mention of street gang membership, affiliation, activity or identity. Based on your Affiant's training and experience, most street gang members are known to their fellow gang members by street names or monikers, and they frequently write their street names or monikers, or the names of their associates, on walls, furniture, objects and papers, both within, and on, their residences, and within, and on, their vehicles. Gang members also identify their gang identity or affiliation through gang signs. Therefore, evidence of street gang membership would include paintings, drawings, photographs, and photograph albums which depict gang members posing and giving hand signs indicating gang identity or affiliation. As referenced above, your Affiant knows HOLLIE to be a documented and active member of the Eight Trey (83) Crip Criminal Street Gang. This evidence not only pertains to HOLLIE's possession of and motivation to possess firearms, but also would aid investigators in investigating from whom HOLLIE obtained the firearm, as he is unable to legally purchase firearms.

21. Your Affiant further requests permission to seize any articles tending to establish the identity of persons who have dominion and control over the premises or items to be seized, including rent receipts, utility bills, telephone bills, addressed mail, personal identification, keys, purchase receipts, sale receipts, photographs, vehicle pink slips, and vehicle registration.

22. Based on your Affiant's training, education, experience, and discussions with other trained investigators, your Affiant knows that gang members use their cell phones to communicate with each other. This investigation specifically shows HOLLIE's use of his cellphone to communicate with the victim. You Affiant knows that gang members use cell phones before, during, and after the commission of crimes. They also use their cell phones to access social media sites to brag about their crimes and gang membership. Your Affiant also knows that most criminals, like many other individuals in our society, maintain certain records. These records will normally be retained for long periods regardless of whether their value to the individual has diminished. This type of evidence is often generated, maintained, and subsequently forgotten about. Hence, records—including those maintained in cellular phones—that one would normally think a prudent person would destroy because of their incriminating nature, are still possessed months or even years after they came into the possession of the criminal. Some individuals do not even realize the incriminating nature of the records they keep. In fact, your Affiant has participated in the execution of numerous search warrants during which records-evidence dating back years has been found. Your Affiant also knows that when information is deleted from a cellular telephone, it is not necessarily deleted from the memory of the device. Photographs, text messages, and other digital files can be deleted by a user such that it can no longer be seen by the user. However, these deleted files are often stored in the device's memory. The deleted files may not be written over or completely deleted from the memory until the device needs the space the deleted files are using. Therefore, it is possible to utilize forensic software to recover deleted files. It should be noted that if cellular devices within HOLLIE's control are seized from HOLLIE's residence, a separate search warrant will be submitted outlining probable cause to search the contents of the device.

## CONCLUSION

23. Your Affiant believes based on the totality of circumstances and information known to your Affiant that HOLLIE resides at the SUBJECT PREMISES, 1230 S. Wheeling Way, Building H Apt 253, Aurora, Colorado 80012. Your Affiant also believes that HOLLIE, has knowingly possessed firearms and ammunition and maintains the firearms and ammunition at HOLLIE's residence, 1230 S. Wheeling Way, Building H Apt 253, Aurora, Colorado 80012. Based on your Affiant's training and experience, your Affiant believes that persons such as HOLLIE who are involved with criminal street gangs possess and retain firearms.

This belief is further supported by information obtained through the above-detailed investigation that HOLLIE is currently in possession of firearms and ammunition.  Based on the investigation above, probable cause exists to believe that items described in Attachment B will be found at the locations fully described in Attachment A.

24. Therefore, I respectfully request the court issue a search warrant to search the residence at 1230 S. Wheeling Way, Apt 253, Aurora, Colorado 80012 as described in Attachment A to seize the items described in Attachment B.


*s/Matthew Pound*
Matthew Pound
ATF Special Agent


Sworn to before me this 19th day of November, 2020.

HON. KRISTEN L. MIX
United States Magistrate Judge
District of Colorado


This Affidavit was reviewed and submitted by Celeste Rangel, Assistant United States Attorney.